**Date Signed:**
**July 16, 2024**



# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re: | Case No.: 23-00607 |
|---|---|
| TANYA CATHRYNE WILBERN, | Chapter 13 |
| Debtor. | Related: ECF 48 |

## ORDER REGARDING
## APPLICATION FOR COMPENSATION

This decision addresses the amount of compensation due to the attorneys for a chapter 13 debtor. The application requests $4,690. The debtor objected and requested that the chapter 13 trustee refund $6,380 plus accrued interest to her. The chapter 13 trustee also objected to the application and stated that he would not pay more than $3,414.66. The matter was taken under advisement.

The debtor's attorneys filed a fee application on June 13, 2024. A

hearing was held on July 16, 2024. Appearances were made by Joshua Humphries, Esq. for Blake Goodman, PC (the "applicant"), Nima Ghazvini, the chapter 13 trustee, and the debtor, Tanya Wilbern, who appeared pro se.

When Ms. Wilbern commenced her chapter 13 case, Ms. Wilbern and the applicant agreed to a "Rights, Responsibilities and Fee Agreement" (the "R&R") on July 28, 2023. ECF 5, Local Form H2016R. They agreed to the presumptively reasonable fee of $5,000.00. *Id.* at 6. An attorney who agrees to accept the presumptively reasonable fee is not required to file a fee application. To earn that fee, an attorney has certain pre- and post-petition responsibilities. The attorney must explain and prepare relevant documents and communicate obligations to the debtor. After filing, the attorney must prepare and file amended plans, modify plans, respond to objections, represent the debtor in relief from stay motions, provide other necessary legal services (excluding adversary proceedings, which may be the subject of a separate fee agreement), and respond to the debtor's inquiries for the duration of the case.

All tasks for which the applicant seeks payment are included in the

U.S. Bankruptcy Court - Hawaii    #23-00607    Dkt # 56    Filed  07/16/24    Page 2 of 3

services covered by the presumptively reasonable fee. The applicant's time sheets, ECF 48, reflect prepetition plan preparation, postpetition communications about credit cards and various debts, the effect of the bankruptcy on other lawsuits, an amended plan, and various other routine chapter 13 issues. The applicant did not render any services for which it would be entitled to additional compensation, such as a motion to value collateral or strip a lien, or the prosecution or defense of an adversary proceeding. Thus, the applicant is entitled to no more than $5,000.

The applicant admitted at the hearing that Ms. Wilbern paid $3,000 prepetition, so the unpaid balance is $2,000. Based on that information and this order, the chapter 13 trustee will calculate and disburse Ms. Wilbern's refund.

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #23-00607   Dkt # 56   Filed   07/16/24   Page 3 of 3